# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Innovative Global Systems, LLC, | Civil Action No. 0:18-cv-03083-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Zonar Systems, Inc., | |
| Defendant. | |

Plaintiff Innovative Global Systems, LLC ("IGS") filed this action against Defendant Zonar Systems, Inc. ("Zonar") "seeking to recover unpaid royalties arising from Zonar's breach of [] [c]ontract and seeking a declaratory judgment requiring Zonar to pay royalties owed in the future." (ECF No. 17 at 6 (referencing ECF No. 1 at 13 ¶ 98–15 ¶ 114).)

This matter is before the court on Zonar's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 12) and Motion for Summary Judgment pursuant to Rule 56 (ECF No. 13). IGS opposes both Motions in their entirety. (ECF Nos. 16, 17.) For the reasons set forth below, the court **DENIES** Zonar's Motion to Dismiss and **DENIES** its Motion for Summary Judgment.

## I. RELEVANT BACKGROUND TO PENDING MOTIONS

On October 1, 2011, IGS and Zonar entered into an agreement (ECF No. 1-4) (the "Contract") in which IGS agreed to license to Zonar some of its patents, including ones identified by U.S. Patent Nos. 6,946,953 and 7,102,494 (hereinafter identified as the "Enhanced Patents").[1] "In return, Zonar agreed to pay IGS a royalty [of $5.00] for Zonar's sale and servicing of [each]

---

[1] "The Contract represented a continuation of the contractual relationship that existed between the parties dating back to 2007." (ECF No. 16 at 4 (citing ECF Nos. 16-1 at 2 ¶ 6–3 ¶ 11, 1-4).)

'Licensed System[]' covered by the Enhanced Patents."[2] (ECF No. 16 at 4 (citing ECF No. 1-4 at 5 ¶ 3.2.1).) On July 1, 2014, the parties entered into an Addendum to the Contract (ECF No. 1-5) "based on Zonar's representation that the sales volume of Licensed Systems would substantially increase." (ECF No. 16 at 4 (citing ECF No. 16-1 at 3 ¶ 17–4 ¶ 18).) IGS contends that "Zonar's communications indicated to IGS that Zonar understood that its Products and Systems were covered by the Enhanced Patents, and Zonar feared its royalty payments to IGS would be unsustainable." (ECF No. 17 at 5 (citing ECF No. 1 at 9 ¶¶ 69, 70).) As a result of Zonar's description of expected future sales, IGS alleges that it "agreed to take a lower royalty for each unit-in-service above a specified threshold" because it "believe[d] that Zonar's royalty payments would increase from the forecasted increase in volume." (ECF No. 16 at 4 (citing ECF No. 16-1 at 3 ¶ 17–4 ¶ 18); ECF No. 17 at 5 (citing ECF No. 1 at 9 ¶ 70).)

On October 26, 2016, Mike King, Zonar's General Counsel, sent an e-mail to Alan Lesesky, IGS's Chief Executive Officer ("CEO"), informing him that Continental AG was purchasing Zonar and stating his belief that Zonar's Products and Systems were no longer covered by the Enhanced Patents under the Contract. (ECF Nos. 16-1 at 4 ¶ 19, 16-2 at 5.) Thereafter, Zonar ceased paying royalties to IGS, "yet Zonar [allegedly] continues to sell and service Licensed

---

[2] In the Contract, "Licensed System" is defined as:

> (a) any system or device capable of transmitting data from a vehicle of any type to a device that is remote from the vehicle and/or receiving data from a device remote from the vehicle, and which is covered by a Patent Claim of any IGS Patent; and (b) any part, component, subassembly, software, hardware, or firmware primarily designed for use in any system, method, or device covered by a Patent Claim of any IGS Patent, and which but for the rights granted in this Agreement would contribute to an infringement of such Patent Claim.

(ECF No. 13-1 at 3 ¶ 1.6.) IGS's Patents are those listed in Schedule A of the Contract. (*See id.* at 14–16.) Zonar's Products and Systems, including Zonar's V2, V2 J, VT, ECU, VT, HU, V3, V4, and Detroit Diesel Virtual Technician, are Licensed Systems according to the Contract. (ECF No. 16-1 at 3 ¶ 16.)

Systems covered by the Enhanced Patents." (ECF Nos. 16-1 at 4 ¶ 19, 17 at 6 (citing ECF No. 1 at 10 ¶ 75).)

After the parties were unable to resolve their dispute, IGS filed the instant matter in this court on November 14, 2018, seeking to recover past due royalties from Zonar's alleged breach of the Contract and a declaratory judgment regarding future royalties. (ECF No. 1 at 13 ¶ 98–15 ¶ 114.) Thereafter, on December 21, 2018, Zonar moved to dismiss the matter (ECF No. 12) and for summary judgment (ECF No. 13). IGS filed Memorandums of Law in Opposition to the pending Motions on January 18, 2019. (ECF Nos. 16, 17.)

The court heard argument from the parties on Zonar's Motions at a hearing on August 6, 2019. (ECF No. 36.) The court considers the merits of Zonar's Motions below.

## II. JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. For jurisdictional purposes, IGS alleges that it is a limited liability company organized under the laws of the State of South Carolina with its principal place of business in Rock Hill, South Carolina and its members are citizens of South Carolina and North Carolina. (ECF No. 1 at 1 ¶ 1.) IGS further alleges that Zonar is a corporation organized under the laws of the State of Washington with its principal place of business in Seattle, Washington. (*Id.* ¶ 2.) The court is satisfied that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (*Id.* ¶ 4. *See also* ECF No. 1 at 13 ¶¶ 95, 97.)

## III. LEGAL STANDARD

A. Rule 12(b)(6) Motions Generally

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief

can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

B. <u>Motions for Summary Judgment Generally</u>

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the non-moving party. *Newport News Holdings Corp. v. Virtual City Vision*, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 252; *Shealy v. Winston*, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## IV. ANALYSIS

A. <u>Zonar's Motion to Dismiss</u>

*1. The Parties' Arguments*

In its Motion to Dismiss, Zonar asserts that before IGS can bring a breach of contract claim for an alleged failure to pay royalties, an "[i]nfringement of the IGS patents is a condition precedent." (ECF No. 12 at 1.) Zonar further asserts that because IGS's breach of contract claim "implicate[s] more complicated technology, . . . a more specific pleading is required which does

more than 'simply setting out what the patent claims require and then reproducing a picture of the accused product.'" (*Id.* at 8 (citing *N. Star Innovations, Inc. v. Kingston Tech.*, Case No. SA CV 17–01833–DOC (DFMx), 2018 WL 3155258, at *3–5 (C.D. Cal. May 7, 2018)).) As a result, Zonar argues that IGS's Complaint does not state a claim for breach of contract because it fails to "(i) clearly identify the products for which IGS contends royalties are owed under the Contract"; and "(ii) explain how each identified product plausibly uses every element of at least one claim of an IGS patent." (*Id.* at 1–2.)

IGS asserts that the Motion to Dismiss should be denied because even though it "was not required to identify any Zonar products by name to state a breach of contract claim," the Complaint sufficiently states a claim for royalties by specifically identifying Zonar's "products at issue by name." (ECF No. 17 at 7, 8 (quoting ECF No. 1 at 10 ¶ 75 ("Zonar has sold, and continues to sell, various Licensed Systems, including, but not limited to, Zonar's V2, V2 J, VT, ECU, VT, HU, V3, V4, and Detroit Diesel Virtual Technician products and systems . . . .")), 10.) IGS next asserts that it only needed to plead a plausible claim of breach of contract, which it did, by alleging:

> [T]he existence of a valid contract between it and Zonar; IGS alleges Zonar's breach of its duties under the contract—failure to pay royalties arising from Zonar's sale of Licensed Systems; and IGS alleges its damages from Zonar's breach— estimated at $2.6 million and counting since October 2016.

(ECF No. 17 at 11 (citing ECF No. 1 at 7 ¶ 53, 11 ¶ 85, 12 ¶ 86, 13 ¶¶ 95, 99–102).) IGS further asserts that in addition to the foregoing, its allegations are also sufficient "to show patent infringement under any standard." (*Id.* at 7. *See also id.* at 14 (citing *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (the plaintiff stated an infringement claim when it included a summary allegation "that the accused products meet each and every element of at least one claim of the [patents]") (internal quotation marks omitted)).) In this regard, IGS argues that "[i]n short, the Complaint contains allegations [sufficient to establish infringement]:

6

identifying the precise claim language at issue; identifying the precise Zonar Products and Systems at issue; and explaining factually how those Products and Systems meet the elements contained in at least one claim of each Enhanced Patent." (ECF No. 17 at 15.)

   *2. The Court's Review*

In the Complaint, IGS alleges that it entered into the Contract with Zonar wherein "Zonar licensed certain intellectual property [including the Enhanced Patents] from IGS in exchange for payment of a royalty to IGS." (ECF No. 1 at 7 ¶ 55.) IGS alleges that Zonar breached the Contract by failing "to make royalty payments to IGS under the Contract for telematics products and systems that are covered by the Enhanced Patents . . . ." (*Id.* at 13 ¶ 94.) IGS further alleges that as a result of Zonar's breach, it has been damaged in the amount of $2.6 million and it could suffer future damages totaling as much as $8.4 million. (*See id.* ¶¶ 95, 97.) Under Washington law,[3] the foregoing allegations are generally sufficient to state a claim for breach of contract. *Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995) ("A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant." (citations omitted)). *See also Kogan v. Allstate Fire & Cas. Ins. Co.*, Case No. C15-5559 BHS, 2016 WL 772846, at *3 (W.D. Wash. Feb. 29, 2016) ("To state a claim for breach of contract, Plaintiffs must allege (1) the contract imposes a duty, (2) the duty was breached, and (3) the breach proximately caused damages. (citation omitted)).

In its Motion, Zonar contends that to sufficiently allege breach of contract, IGS had to "plead allegations sufficient to plausibly state a claim of patent infringement" by specifically "identify[ing] the specific products for which IGS contends royalties are owed under the Contract; and [] explain[ing] how each identified product plausibly uses every element of at least one claim

---

[3] The parties agreed that the provisions of the Contract "shall be governed by and construed in accordance with the laws of the State of Washington." (ECF No. 13-1 at 10 ¶ 11.)

of the Enhanced Patents." (ECF No. 21 at 2–3.) Upon its review, the court observes that most of the caselaw cited by the parties was not directly on point as to the instant issue. However, after considering the following observations of the Federal Circuit[4] in a case cited by Zonar, this court is persuaded that the infringement specification sought by Zonar is a damages calculation issue and not a pleading issue:

> *[T]he most important missing piece of the damages puzzle is a determination of the status of the sliding ring valves under the agreement.* Dray asserts that he sold only products that did not come under the license agreement after June 5, 1997. *To properly calculate the damages from the breach, the trial court must determine the truth of that assertion by determining whether valves produced by Dray after June 5, 1997 infringe the patents licensed to U.S. Valves.* The license agreement covers "[a]ll future improvements, modifications or enhancements of the Licensed Product made by the Licensor." This broad language may encompass the sliding ring valve, but that determination requires a proper analysis. *On remand, the trial court may proceed to determine whether the sliding ring valves fall within the terms of the license agreement. On the other hand, the trial court may also determine that U.S. Valves had an opportunity to supply an adequate record for computation of damages, but failed to carry its burden of proof.*

*U.S. Valves, Inc. v. Dray*, 212 F.3d 1368, 1375 (Fed. Cir. 2000) (emphasis added). *Cf. Int'l Council of Shopping Ctrs., Inc. v. Info Quarter, LLC*, C/A No. 17-CV-5526 (AJN), 2018 WL 4284279, at 7 (S.D.N.Y. Sept. 7, 2018) (observing in a trademark infringement case that "[t]he exact magnitude of damages caused by the breach is properly evaluated at the summary judgment stage, not the motion to dismiss stage." (citing *Luitpold Pharm., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, 784 F.3d 78, 87 (2d Cir. 2015) (alleging a speculative measure of damages in a breach of contract action does not justify dismissal under Rule 12(b)(6)))). As a result of the foregoing, the court finds that IGS's allegations as pleaded in its Complaint, if taken as true, sufficiently allege a breach of contract claim against Zonar. Therefore, the court denies Zonar's Motion to

---

[4] "Decisions of the Federal Circuit on questions of patent law are [] binding precedent on all federal district courts." *Total Rebuild, Inc. v. PHC Fluid Power, LLC*, C/A No. 15-01855-BAJ-CBW, 2018 WL 3901195, at *1 n.1 (W.D. La. Aug. 15, 2018) (citing *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574–75 (Fed. Cir. 1984)).

Dismiss.

B.     Zonar's Motion for Summary Judgment

   *1. The Parties' Arguments*

In its Motion for Summary Judgment, Zonar asserts that the parties' "Contract is to be governed by and construed in accordance with Washington law," which requires that "where the agreement provides for a method of resolving disputes that may arise between the parties, that method must be pursued before either party may resort to the courts for relief." (ECF No. 13 at 1 (citing ECF No. 13-1 at 10 art. 11 ¶ 11.1), 2 (quoting *Tombs v. Nw. Airlines*, 516 P.2d 1028, 1031 (Wash. 1973)).) In conjunction with this assertion, Zonar argues that it is entitled to summary judgment because IGS cannot demonstrate that it complied with and/or exhausted the dispute resolution methods set forth in paragraph 7.1 of the Contract as required by Washington state common law. (ECF No. 13 at 2 (citing ECF No. 13-1 at 9 ¶ 7.1).)

IGS opposes Zonar's Motion for Summary Judgment first arguing that the "Dispute Resolution" paragraph only required that the parties "attempt to resolve disputes arising under the Contract in good faith for an initial 10-day period." (ECF No. 16 at 8–9 (citing ECF No. 13-1 at 9 ¶ 7.1).) In support of this argument, IGS asserts that it clearly complied with the good faith requirement when it spent eighteen (18) months attempting to resolve the parties' dispute. (ECF No. 16 at 8–9.) IGS next argues that all remaining aspects of paragraph 7.1 are permissive in nature such that "(a) neither party has to agree to further informal dispute resolution procedures; and (b) both parties must agree before any additional informal dispute resolution procedures are required." (*Id.* at 11.) However, even if these remaining provisions are not unambiguously permissive, IGS asserts that Zonar failed to submit any supporting evidence that would warrant the court granting it summary judgment based on a lack of genuine dispute as to any material fact.

(*Id.* at 14, 17.)

   2. *The Court's Review*

In paragraph 7.1 of the Contract, the parties agreed to the following "Dispute Resolution" provision:

> Any dispute arising between IGS and ZONAR with respect to any provision of this Agreement or any matter relating to the performance of either Party hereunder shall be resolved if possible by good faith negotiation between the Parties. If IGS and ZONAR fail to resolve such dispute within ten (10) days after commencement of such good faith negotiation, then, at the election of either IGS or ZONAR, such dispute may be referred to each Party's Chief Executive Officer (the "Executives") for resolution. The Executives shall attempt to resolve such dispute through good faith discussions and negotiation. If a dispute is referred to such Executives, and such dispute is not resolved within ten (10) days of such referral, the Parties may mutually agree to resolve such dispute through other informal procedural means, including, but not limited to, referral to an independent, neutral third party expert, mediation, arbitration and/or any other procedure(s) upon which the Parties mutually agree.

(ECF No. 13-1 at 9 ¶ 7.1.) Additionally, the parties agreed that the provisions of the Contract "shall be governed by and construed in accordance with the laws of the State of Washington." (*Id.* at 10 ¶ 11.)

In support of their respective arguments, the court observes that Zonar only submitted the Contract and its Addendum (ECF No. 13-1) as evidentiary materials demonstrating the merits of its Motion, while IGS opposed the Motion with a Declaration from CEO Lesesky and copies of the parties' written communications. (*See* ECF Nos. 16-1–16-8.) The court agrees with IGS that because Zonar failed to submit any evidence allowable under Rule 56, Zonar cannot establish "there is no genuine dispute as to any material fact" as to IGS's alleged failure to comply with paragraph 7.1 of the Contract. *See* Fed. R. Civ. P. 56(a). *See also* Fed. R. Civ. P. 56(c)(1).[5]

---

[5] Rule 56(c)(1) provides:

Accordingly, the court must deny Zonar's Motion for Summary Judgment.[6]

## V.    CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** Defendant Zonar Systems, Inc.'s Motion to Dismiss (ECF No. 12) and Motion for Summary Judgment (ECF No. 13).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 26, 2019
Columbia, South Carolina

---

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

[6] Additionally, the court observes that it has before it evidence presented by IGS in Lesesky's Declaration that is unopposed in depicting the parties' alleged 18-month attempt to resolve their dispute. (*See* ECF No. 16-1 at 4 ¶ 21–6 ¶ 33.) In this regard, Lesesky's Declaration is evidence that goes to demonstrating noted exceptions to the exhaustion requirement under Washington state common law. *See, e.g.*, *Baldwin v. Sisters of Providence in Wash., Inc.*, 769 P.2d 298,300 (Wash. 1989) ("Generally, contractual grievance procedures must be exhausted before parties resort to the courts. There are exceptions to the exhaustion doctrine based upon considerations of fairness or practicality. One such exception is recognized where pursuing the available remedies would be futile. (internal and external citations omitted)). Therefore, even if Zonar had submitted evidence demonstrating IGS's failure to exhaust the expressly agreed upon dispute resolution methods, its Motion could have been denied based upon considerations of fairness, practicality, and/or futility. *Id.*